F. W. WOOLWORTH CO. *v.* UNITED STATES

**No. 6204.**—Invoices dated Sonneberg, Germany, May 24, 1938, etc.
Certified May 27, 1938, etc.
Entered at Baltimore, Md., June 10, 1938, etc.
Entry No. 5458 (6), etc.

(Decided August 7, 1945)

*Sharretts & Hillis* (*Edward P. Sharretts* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

COLE, Judge: These appeals for reappraisement have been submitted by the parties on the following written stipulation, filed July 23, 1945:

It is hereby stipulated by and between counsel for the respective parties, subject to the approval of the court, that the glass Christmas tree ornaments, glass

animals, or novelties, on the invoices covered by the reappraisement cases above enumerated, exported from Germany during 1938 or 1939, and the *per se* unit invoice prices therefor and the market conditions with respect thereto, are the same in all material respects as the glass Christmas tree ornaments, glass animals, or novelties, the *per se* unit invoice prices therefor and the market conditions with respect thereto, in the case of *F. W. Woolworth Co. et al. v. United States*, Reap. Dec. 5094, wherein it was held:

1. That the proper dutiable foreign and export values of the Christmas tree ornaments exported subsequent to January 1, 1938, are the invoice unit prices plus 3½ per centum social assessments, plus packing and cost of cases as invoiced as defined in section 402 (c) and (d) of the Tariff Act of 1930.

2. That the proper dutiable export values of the glass animals and novelties exported subsequent to January 1, 1938, are the invoice unit prices, plus 3½ per centum social assessments, plus packing and cost of cases, as invoiced, as defined in section 402 (d) of the Tariff Act of 1930.

It is further stipulated and agreed that the record in said Reap. Dec. 5094 may be and hereby is incorporated as a part of the record in the instant appeals to reappraisement.

It is further stipulated and agreed that the facts and circumstances relating to the item of 10 per centum commission in the above-entitled cases identified on the invoices with XX in green ink and the initials C. H. R. of Examiner Charles H. Ritz, are in all material respects the same as the facts and circumstances relating to the item of 10 per centum commission specified in the invoices relating to glass ornaments, novelties, and figures covered by reappraisements 113038–A, 113040–A, and 113468–A of the F. W. Woolworth Co. and passed upon by the United States Court of Customs and Patent Appeals in *United States v. S. S. Kresge Co., B. Shackman & Co., Rice & Co. Corp., Strauss-Eckardt Co., Inc., F. W. Woolworth Co.*, 26 C. C. P. A. 349, 352, wherein the court held that "A purchasing commission, charged for the handling of merchandise, is not a proper part of dutiable value."

It is further stipulated and agreed that on the dates of exportation of the merchandise involved in the instant appeals, identified on the invoices with XX in green ink and the initials C. H. R. of Examiner Charles H. Ritz, articles such and similar thereto were freely offered for sale and sold to all purchasers in the principal markets of the country of exportation in the usual wholesale quantities and in ordinary course of trade for exportation to the United States at the *per se* unit invoice prices, plus 3½ per centum social assessments for insurance, vacation, and holiday costs, plus packing, as invoiced, and that there was no higher foreign value.

It is further stipulated and agreed that the record in *United States v. S. S. Kresge Co. et al.*, 26 C. C. P. A. 349, 352, may be and hereby is incorporated as a part of the record in the instant appeals to reappraisement.

The instant appeals are abandoned as to all merchandise other than the aforementioned glass Christmas tree ornaments, glass animals, and novelties and the items marked "XX" in green ink and the initials C. H. R. of Examiner Charles H. Ritz and the said reappraisement appeals are hereby submitted for decision on this stipulation.

In the *Woolworth* case, *supra*, the question presented was whether the cash prices of people in the Sonneberg-Lauscha district of Germany manufacturing Christmas tree ornaments, cocktail sticks, and other glass novelties in their homes, represented the proper dutiable values of the merchandise; or, whether higher prices charged by commissionaires or dealers were the proper basis for appraisement. The court found that the manufacturers' prices met all of the require-

ments of statutory value as defined in section 402 (c) and (d) of the Tariff Act of 1930 (19 U. S. C. 1940 ed. § 1402 (c) and (d)), and accordingly held such values to be the proper ones for tariff purposes.

The *Kresge Co. et al.* case, *supra*, found that sales to which the 10 per centum commission applied, "were fugitive and not in the ordinary course of trade in the principal market of Germany," and the item was therefore held not to be a consideration in determining dutiable values.

On the established facts, I hold the values of the Christmas tree ornaments and glass animals and novelties exported subsequent to January 1, 1938, to be as hereinabove set forth and conceded by the parties, and the export value, section 402 (d) of the Tariff Act of 1930 (19 U. S. C. 1940 ed. § 1402 (d)), of the invoice items identified with XX in green ink and the initials C. H. R. to be the *per se* unit invoice prices, plus 3½ per centum social assessments for insurance, vacation, and holiday costs, plus packing, as invoiced.

The appeals, having been abandoned as to all other merchandise, are hereby dismissed so far as they relate thereto.

Judgment will be rendered accordingly.